UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERNA PARKS,

        Plaintiff,

v.

                                          Case No. 10-14420

DOLGENCORP, LLC d/b/a DOLLAR GENERAL    Honorable Julian Abele Cook, Jr.
STORE,

        Defendant.

ORDER

        The Defendant, Dolgencorp, LLC d/b/a Dollar General Store ("Dolgencorp"), has been accused by the Plaintiff, Merna Parks, of being responsible for the injuries that were sustained by her when she visited one of its stores in Genesee County, Michigan. The case was initiated in the Genesee County Circuit Court of Michigan and subsequently removed to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1332, 1441.

        Currently pending before the Court are Dolgencorp's motions (1) for the entry of a summary judgment, Fed. R. Civ. P. 56, and (2) in limine to exclude evidence of a subsequent injury or, in the alternative, to reopen discovery.

I.

        On August 14, 2010, Parks, while shopping in one of Dolgencorp's stores, slipped on a liquid substance in an aisle, which caused her to fall and sustain injuries. According to Parks, she had looked down the aisle before entering it, but did not see anything on the floor that, in her

1

opinion, appeared to be dangerous for walking. Parks described the tile as "almost like a gray white tile that looks dirty and old . . . [and has] many stains." (Parks Dep. 39:1-4, Ex. 1 to Def.'s Mot. for Summ. J.). The store's general manager, Deborah Morrish, agreed with the characterization of the floor as being "kind of a grayish color" or "sort of . . . grayish brown." (Morrish Dep. 20:15-21, Ex. D to Pl.'s Resp.). Parks stated that at least one of the light bulbs in the store was out in the area where she fell. (Parks Dep. 38:1-2)

After Parks' fall, a Dolgencorp employee, William Hughey, came to her assistance, and noticed an open bottle of "All-Purpose Lavender Cleaner" that had been partially emptied on a nearby shelf, and saw an undetermined amount of the liquid on the floor. According to Parks, Hughey, after showing the bottle to her, stated that (1) another customer had dropped and broken it earlier and (2) he was sorry for not having cleaned it up. Dolgencorp vigorously disputes this allegation, and has provided Hughey's affidavit in which he insists that he had no prior knowledge of any spilled liquid on the floor. (Hughey Aff. ¶ 7, Ex. 3 to Def.'s Mot. for Summ. J.). The parties also strongly dispute the color of the liquid cleaner in question. Hughey, in his affidavit, avers that the color of the liquid cleaner was purple in color and clearly visible on the floor. (Hughey Aff. ¶¶ 5-6). Dolgencorp has also proffered Morrish's deposition testimony in which she maintains that Dolgencorp only sold one version of All-Purpose Lavender Cleaner - and that it is dark purple in color. (Morrish Dep. 17:8-14). Parks, on the other hand, contends that Dolgencorp had offered at least two variations of this cleaner for sale to its customers (to wit, a dark purple and a markedly lighter colored purple), and stated that she did not remember the liquid being purple, but believes

that it was "like gray color, clear grayish color." (Parks Dep. 55:5-7).[1]

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Therefore, the entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the

---

[1] During a hearing that had been convened to address these motions, the counsel for Parks made multiple assertions that are not part of the record, are not supported by competent evidence, and had not been alluded to in any way in the briefing of these motions. Because such assertions are not evidence, the Court will not consider them in deciding the pending motions. Moreover, to the extent that Parks alleges that her discovery efforts had been hampered by inaccurate or insufficient information from Dolgencorp, it should be noted that Parks did not - in a timely fashion or otherwise - ever seek the assistance of the Court in resolving any purported discovery disputes or request an extension of time in order to complete discovery.

existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

III.

In support of its motion for the entry of a summary judgment, Dolgencorp argues that (1) there is no genuine issue of a material fact as to whether the allegedly hazardous condition was open and obvious, which, in turn, eliminated its legal responsibility to protect Parks from the harm, and (2) Parks cannot establish that Dolgencorp was on notice of the alleged defect or that it had a sufficient amount of time to correct the defect. Parks disputes both claims.

A federal court sitting in diversity must apply the choice of law provisions of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *NILAC Int'l Mktg. Grp. v. Ameritech Servs., Inc.*, 362 F.3d 354, 358 (6th Cir. 2004). In general, "Michigan choice of law

provisions favor allowing Michigan residents to bring suit in Michigan courts under Michigan law." *Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425 (6th Cir. 2009) (citing *Olmstead v. Anderson*, 400 N.W.2d 292, 302-03 (1987)). "Generally speaking, a tort claim filed in a Michigan court will be governed by Michigan law unless a rational reason exists to displace it." *Id.* (citation and internal quotation marks omitted). Neither party has presented - nor does the Court perceive - any reason to displace the presumption that Michigan law should apply to this tort action.

To establish a prima facie case of negligence, a plaintiff must prove (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages. *Case v. Consumer's Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000). The duty that a premises owner owes to a visitor depends on the visitor's status. *Stitt v. Holland Abundant Life Fellowship*, 626 N.W.2d 158, 162 (Mich. 2000). Invitees are those individuals - such as customers - who enter the premises at the express or implied invitation of the possessor for the purpose of conducting some business there. *Kessler v. Visteon Corp.*, 448 F.3d 326, 337 (6th Cir. 2006) (citing Page Keeton et al., Prosser and Keeton on the Law of Torts § 61 (5th ed. 1984)); *Riddle v. McLouth Steel Prods. Corp.*, 485 N.W.2d 676, 679 n.4 (Mich. 1992). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001). "The care required extends to instrumentalities on the premises that the invitee uses at the invitation of the premises owner." *Eason v. Coggins Memorial Christian Methodist Episcopal Church*, 532 N.W.2d 882, 884 (Mich. Ct. App. 1995).

This duty, however, does not extend to protecting an invitee from open and obvious dangers. *Lugo*, 629 N.W.2d at 386. Open and obvious dangers are those that "are known to the

5

invitee or are so obvious that the invitee might reasonably be expected to discover them." *Riddle*, 485 N.W.2d at 681; *see also Laier*, 702 N.W.2d at 211 ("Whether a danger is open and obvious depends on whether it is reasonable to expect an average user of ordinary intelligence to discover the danger upon casual inspection."). However, "if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 629 N.W.2d at 386.

Dolgencorp contends that the spilled dark purple liquid was an open and obvious hazard, and therefore it owed Parks no duty to protect her from it. Parks does not appear to contest that a puddle of a dark purple liquid on a light-colored floor would be an open and obvious hazard, but she argues instead that the liquid in question was not dark purple. She asserts that Dolgencorp's claim that there is only one color of this cleaner is fraudulent. In support, she has submitted a photograph that purports to show that this cleaner comes in two colors, one dark purple and one "very light purple" or "light/clear grayish-purple." She states that there is a "drastic difference" between the two products. (Pl.'s Resp. to Def.'s Mot. for Summ. J. 3). Dolgencorp's response is twofold: (1) because Parks has not authenticated the photograph - and, more importantly, will not be able to authenticate it to establish its admissibility at trial - the photograph should not be considered on summary judgment, and (2) in any event, the photograph does not support Parks' claim because the liquid in both bottles of the cleaner is deep purple.

When assessing a motion for summary judgment, the Court may consider "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Where, as here, a party

"objects that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2), the Court must determine whether - regardless of the admissibility of the evidence in its present form - the party offering the challenged evidence would be able to present the content or substance of the evidence in an admissible form for trial, 11 James Wm. Moore et al., Moore's Federal Practice § 56.91 (Matthew Bender 3d ed. 1997). "If there is no admissible evidence as to a material fact, there can be no dispute as to that fact, and hence no need for a trial to resolve a dispute." *Id.* (emphasis added). Once such an objection is raised, "the burden is on the proponent of the material to show either that the material is admissible as presented or to explain the admissible form that is anticipated in the event of trial." *Id.*

Here, Parks has not (1) made any effort to respond to Dolgencorp's objection regarding the admissibility of the photograph, and (2) presented the Court with any basis for concluding that she could present this evidence in an admissible form for trial. Even if the Court did take this photograph under consideration, it would not help Parks' case. The photograph neither shows two liquids that are drastically different in color nor does it display one that is deep purple and one that is "very light purple" or "light/clear grayish-purple." On the contrary, although one liquid is slightly lighter relative to the other, either would appropriately be called dark purple and neither is "very light purple" or "clear," as suggested by Parks.

In any event, Michigan courts - and federal courts applying Michigan law - have, in many instances, held that even a pool of clear, colorless liquid may be an open and obvious hazard. *E.g.*, *Baird v. NHP Mill Creek Apartments*, 94 F. App'x 328 (6th Cir. 2004) (unpublished) (large puddle of free-standing water in middle of laundry room was open and obvious, where one individual testified that he had seen it upon entering room, notwithstanding plaintiff's claim that she did not

7

see it); *Scott v. Kroger*, No. 290696, 2010 WL 3184488 (Mich. Ct. App. Aug. 12, 2010) (small, visible puddle of water in front of display case was open and obvious hazard); *Debose-Tillman v. ECS Partnership*, No. 277134, 2008 WL 902113 (Mich. Ct. App. Apr. 3, 2008) (water on floor was open and obvious where plaintiff testified she "probably" would have seen it had she looked down and other patrons testified to having seen it); *Henderson v. PKT, Inc.*, No. 253439, 2005 WL 2445136 (Mich. Ct. App. Oct. 4, 2005) (trail of water across paved path was open and obvious, notwithstanding plaintiff's argument that ordinary user would not have seen it because area was dark and crowded and water blended into pavement, where other patrons testified to having seen water). The Court hastens to note, however, that this does not mean that a puddle of water is always open and obvious as a matter of law. *Farhood v. Bed Bath & Beyond, Inc.*, No. 10-13877, 2011 WL 3880492, at *2 (E.D. Mich. Sept. 2, 2011) ("Michigan courts have not held that a puddle is always, as a matter of law, open and obvious. . . . When applying the objective test . . . , courts often, but not always, find that puddles are open and obvious."). These cases demonstrate that a liquid need not necessarily be differentiated in color from the surface on which it sits in order to be open and obvious. Rather, the relevant question is whether an average person of ordinary intelligence would readily discover this potential danger upon casual inspection. *See Laier v. Kitchen*, 702 N.W.2d 199, 211 (Mich. Ct. App. 2005); *Bertrand v. Allen Ford, Inc.*, 537 N.W.2d 185, 187 ("[I]f the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger.").

Here, both the evidence and common sense indicate that a pool of purple liquid on a grayish-white or grayish-brown floor is an open and obvious hazard. In his affidavit, Hughey stated

8

that the liquid was purple. Moorish testified that Dolgencorp sells this cleaner in only one color: dark purple. Even assuming arguendo that the Court accepted Parks' assertion that the cleaner came in varying colors, she has only offered speculation that (1) one such shade may be a clear, colorless liquid, and (2) it was this purported clear version on which she slipped and fell. Furthermore, Hughey has averred that the liquid on which Parks fell was clearly visible on the floor - notwithstanding any purportedly inadequate lighting.

The only contrary evidence provided by Parks is her claim that she had not seen the cleaner despite having looked down the aisle before entering it. However, the test for whether a hazard is open and obvious is not whether the aggrieved party actually discovered the hazard. Rather, the test is whether it is reasonable to expect an average user of ordinary intelligence to discover the danger upon a casual inspection. *Laier*, 702 N.W.2d at 211; *see also Baird* ("[S]ince the condition was not obstructed from view, the fact that [p]laintiff did not personally notice the condition is irrelevant." (citations omitted)); *Henderson v. PKT, Inc.*, No. 253439, 2005 WL 2445136, at *2 (Mich. Ct. App. Oct. 4, 2005) ("[T]he relevant inquiry is not whether plaintiff actually saw the [hazard], but whether a reasonable person proceeding from her perspective would have seen it and recognized its risk."); *Novotney v. Burger King Corp.*, 499 N.W.2d 379, 381 (Mich. Ct. App. 1993) ("[I]t is not relevant to the disposition of this matter whether plaintiff actually saw the [dangerous condition]. Rather, it is necessary for plaintiff[] . . . to come forth with sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered [its] existence."). Moreover, Parks has acknowledged that she was not looking at the floor or her feet at the time of the slip. (Parks Dep. 31:18-22, 40:20-23). *See Mayo v. Taco Enters.*, No. 10-13679, 2011 WL 2607083, at *2 (E.D. Mich. July 1, 2011) ("[Plaintiff] testified that she

never looked down at the curb which allegedly caused her fall. She has therefore failed to present evidence that the curb was not open and obvious."); *Lugo*, 629 N.W.2d at 388-89 (no genuine issue of material fact that pothole was open and obvious where plaintiff testified that she simply was not looking down and so did not see it). For all of these reasons, the Court concludes that the alleged hazard at the Dolgencorp store was open and obvious.

Furthermore, Parks has not presented - and the Court does not perceive - any evidence or argument that this hazard, despite being open and obvious, presented any special aspects which rendered it unreasonably dangerous so as to preclude the operation of the open and obvious doctrine. The pool of cleaner on the floor was not "unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm." *Lugo*, 629 N.W.2d at 387 (noting that an "unguarded thirty foot deep pit in the middle of a parking lot" is unreasonably dangerous because it would "present such a substantial risk of death or severe injury to one who fell in the pit"). Nor was it effectively unavoidable. *Id.* (open and obvious doctrine would not preclude liability where, for example, a commercial building had only one exit and the floor in front of this exit was covered with standing water). Parks does not appear to argue otherwise. Because there is nothing about a small pool of cleaner on the floor that presents a substantial risk of death or severe injury, and because the pool was not effectively unavoidable, the open and obvious doctrine bars liability in this case.[2]

Because Parks has not "come forward with some probative evidence to support [her] claim

---

[2]In light of this conclusion, the Court need not consider Dolgencorp's alternative argument that, even if the hazard was not open and obvious, liability would still be precluded because Parks has not demonstrated - and cannot demonstrate - that it had adequate notice of the hazard at the time of her fall.

and make it necessary to resolve the differences at trial," *Boyd*, 948 F.2d at 285, there exists no genuine issue of a material fact. Hence, the entry of a summary judgment in the Dolgencorp's favor is appropriate, *Anderson*, 477 U.S. at 248; *Singfield*, 389 F.3d at 560.

IV.

For the reasons that have been set forth above, Dolgencorp's motion for summary judgment (ECF No. 14) is granted. During the motion hearing, the Court orally granted Dolgencorp's request to reopen discovery. (ECF No. 17). However, in light of the disposition of Dolgencorp's motion for summary judgment, this issue is now moot.

IT IS SO ORDERED.

Date: December 19, 2011    s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 19, 2011.

s/ Kay Doaks
Case Manager

11